21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia Lynn PUCKETT, Defendant-Appellant.
 No. 93-5705.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1994.
Decided April 14, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James C. Turk, District Judge. (CR-91-53-A)
 Peter Curcio, Bressler, Curcio & Stout, P.C., Bristol, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Ray B. Fitzgerald, Jr., Asst. U.S. Atty, Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Patricia Lynn Puckett was convicted of conspiracy to possess with intent to distribute Schedule II, III, and IV controlled substances in violation of 21 U.S.C.A. Sec. 846 (West Supp.1993). She was sentenced to fifty-eight months imprisonment. The government appealed her sentence, contending that the district court effectively departed by finding, without factual support, that she had accepted responsibility and that she was responsible for less than the whole amount of drugs involved. We vacated the sentence and remanded for resentencing within the 87-108 guideline range recommended by the probation officer. United States v. Puckett, No. 92-5572(L) (4th Cir. July 21, 1993) (unpublished).
 
 
 2
 On remand, the district court reluctantly imposed a sentence of 87 months. Puckett appeals her sentence, alleging that the district court erred in not making a finding as to when she entered the conspiracy and what amount of drugs was reasonably foreseeable to her. We affirm.
 
 
 3
 In her first sentencing, Puckett did not admit that she had been involved in the conspiracy. She did not object to the amount of drugs attributed to her in the presentence report, or to the calculation of her base offense level under guideline section 2D1.1.[1] She has thus forfeited appellate review of the guideline calculation. Relitigation of issues forfeited in the district court or on appeal is foreclosed by the mandate rule except in extraordinary circumstances. United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993) (Bell II ). No extraordinary circumstances are present in this case. Accordingly, we find that the district court properly imposed sentence within the guideline range recommended in the presentence report.[2] The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 The district court thought it unfair that Puckett's co-defendant, Ruth Casey, had a plea agreement which gave her a sentence of only twenty-eight months. Puckett asserts in her brief that, under Casey's plea agreement, only half the drugs were attributed to Casey, although Casey testified at trial that she and Puckett robbed the drug store together. Casey's plea and sentence are not before this Court. However, we note that plea agreements should not undermine the sentencing guidelines. See U.S.S.G. Sec. 6B1.2. & comment. U.S.S.G.App. C, amendment 467; see also Sec. 6B1.4 & comment. (not appropriate for parties to stipulate to misleading facts)