37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Titus CONNALLY, Defendant-Appellant.
 No. 93-6117.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Defendant appeals a judgment of sentence imposed in a criminal case. Counsel for the parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Titus Connally was convicted of conspiracy to distribute crack cocaine, possession with intent to distribute crack cocaine and using a firearm during and in relation to a drug trafficking crime. The district court sentenced him to serve 300 months of imprisonment and five years of supervised release and to pay a $150 special assessment.
 
 
 4
 On appeal, the convictions were affirmed. United States v. Connally, Nos. 91-6401, 91-6440 and 91-6441 (6th Cir. Jan. 15, 1993) (per curiam), cert. denied, 114 S.Ct. 557 (1993). However, the court also concluded that the district court erroneously included in its sentencing computation a quantity of drugs charged in a dismissed count that was not part of the same course of conduct. The case was remanded for resentencing.
 
 
 5
 Upon resentencing, the district recalculated the quantity of drugs involved and sentenced Connally to serve 197 months of imprisonment and five years of supervised release and to pay a $150 special assessment.
 
 
 6
 On appeal, Connally now charges that the calculation of his criminal history category improperly included prior convictions for which the only proof offered was computer generated reports.
 
 
 7
 Upon review, we conclude that the appeal lacks merit. Specifically, the challenge to the calculation of criminal history points is not properly before the court. The district court is bound on remand by the decision of a superior court and may not consider any issue which that court's mandate has laid to rest. Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939); United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993). Although there is some indication that Connally may have objected to the calculation of criminal history points at the initial sentencing hearing, he did not pursue the issue on appeal. Thus, the district court did not err by refusing to rule on this issue at the subsequent resentencing. Similarly, Connally may not argue the issue on the present appeal.
 
 
 8
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation