UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4594

SWANSON DALTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-93-171)

Submitted: March 9, 1999

Decided: April 22, 1999

Before WILKINS and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin M. Schad, SCHAD, BUDA, COOK, L.L.C., Cincinnati, Ohio,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Joseph
W.H. Mott, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Swanson Dalton was convicted in 1994 of conspiracy to distribute and to possess cocaine with intent to distribute, 21 U.S.C. § 846 (1994), and attempting to possess cocaine with intent to distribute, 21 U.S.C. § 841(a) (1994). He appealed his conviction on the ground of prosecutorial misconduct and also contested his career offender sentence of 360 months imprisonment. We affirmed the conviction and sentence. After two of his prior state convictions were overturned, Dalton sought federal habeas relief and the district court ordered resentencing. At the resentencing hearing, Dalton challenged for the first time his four-level adjustment for having a leadership role in the conspiracy, see U.S. Sentencing Guidelines Manual § 3B1.1(a) (1997), arguing that an intervening change in the law made the adjustment unwarranted. The district court again found that the adjustment applied and imposed a sentence of 200 months imprisonment. Dalton appeals this sentence. We affirm.

Because Dalton failed to contest the role adjustment at the first sentencing or in his first appeal, he has waived the issue unless it comes within one of the exceptions to the mandate rule. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). The rule forecloses litigation of issues not raised in the district court or foregone on appeal unless the "controlling legal authority has changed dramatically," significant new evidence has come to light, or a blatant error in the prior decision will result in serious injustice if not corrected. Id. at 67 (quoting United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)).

Dalton argues that our decision in United States v. Capers, 61 F.3d 1100 (4th Cir. 1995), changed the controlling authority within this circuit by finding that the defendant must have controlled other participants, not merely drugs or money, for an adjustment under § 3B1.1 to apply. However, Capers simply interpreted the 1993 amendment

2

to the commentary to § 3B.1, finding that the amendment changed the standard for applying the adjustment and "had the effect of changing the law in this circuit." Capers, 61 F.3d at 1110. The amendment was in effect when Dalton was first sentenced. No change in the law occurred between his first and second sentencing. Consequently, we find that the issue was waived when Dalton failed to raise it in his first sentencing and appeal. It was not properly raised at the resentencing hearing and is not properly before us in this appeal.

Therefore, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3