**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4562

RAMONA BRANT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Williams, Senior District Judge, sitting by designation.
(CR-93-124-MU)

Submitted: July 27, 1999

Decided: August 26, 1999

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth Hall Epple, Jr., Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Ramona Brant of conspiracy to possess with intent to distribute and to distribute cocaine. The district court sentenced Brant to life imprisonment, and Brant appealed her conviction and sentence. We affirmed her conviction but, finding that the district court had erred in failing to permit evidence of duress at sentencing, remanded for a resentencing hearing. On remand, the district court held a hearing, determined that neither duress nor coercion impacted on Brant's decision to join and participate in the conspiracy, and re-sentenced Brant to life imprisonment. Brant appeals, alleging that the district court improperly conducted the re-sentencing hearing. We affirm.

On re-sentencing, Brant sought a downward departure under U.S. Sentencing Guidelines Manual § 5K2.12 (1994), asserting that her actions were the result of duress and coercion arising from her abusive relationship with her boyfriend and co-defendant Donald Ray Barber. At the hearing, Brant presented the testimony of Dr. Mary Ann Dutton, an expert in the field of clinical psychology. During defense counsel's examination of Dutton, the court sustained several Government objections to Dutton's testimony, which Brant argues was error.

This court reviews a district court's evidentiary rulings for abuse of discretion and will not find error in the ruling unless the district court acted arbitrarily or irrationally. See United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993). Further, even assuming that an abuse of discretion occurred, the erroneous exclusion of expert testimony is subject to harmless error analysis. See United States v. Barsanti, 943 F.2d 428, 433-34 (4th Cir. 1991).

First, Brant takes exception to the district court refusing to allow the expert to testify regarding the definition of duress. However, the district court was required to apply the legal definition of duress within the context of USSG § 5K2.12, not the medical or psychological definition. Dutton, an expert in clinical psychology, was not qualified to testify as to legal conclusions.

2

Second, Brant asserts that the district court erred in preventing Dutton from testifying as to whether the factors articulated in § 5K2.12 were present in Brant's case.* Again, counsel was seeking to elicit a legal conclusion, this time as to the ultimate issue in the case. See Fed. R. Evid. 704(b) (expert witnesses may not state an opinion as to whether the defendant did or did not have a particular mental state, when that state is an element of the proffered affirmative defense). Further, Dutton testified extensively as to the history of violence in the Brant/Barber relationship and described her conclusions as to how Barber was able to control Brant. Moreover, other defense witnesses also testified about the abusive relationship, and Brant specifically testified as to the consequences she feared if she did not acquiesce to Barber. Because evidence of Brant's fear of reprisals from Barber was considered by the court, any limitation of the expert's testimony was harmless.

Third, Brant asserts that Dutton should have been permitted to testify regarding the alleged duress surrounding Brant's withdrawal of her plea agreement. Again, Brant testified about her thought processes and the events surrounding the withdrawal of the plea. Because the evidence was before the court, any error in regard to the expert covering this same ground was harmless.

Brant next contends that the district court erred in denying her motion to re-open the question of drug quantity to explore the effect, if any, of duress and coercion on this finding. The district court denied the motion finding that the issue was outside the scope of the mandate. The mandate rule requires that the district court not reopen issues decided by the appeals court or not raised on appeal unless there is (1) a change in controlling legal authority or (2) a blatant error in the prior decision which will result in serious injustice if uncorrected. See United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993).

Brant did not challenge the drug quantity on appeal, and she does not allege a change in the law or a blatant error in our original deci-

_____

*Section 5K2.12 provides that coercion will ordinarily be sufficiently serious to warrant departure when it involves a threat of physical injury, substantial damage to property, or similar injury resulting from the unlawful action of a third party or from a natural emergency.

3

sion. The mandate specifically directed consideration of § 5K2.12 and contained no direction to revisit drug quantity or relevant conduct. Thus, the district court was barred from re-examining these issues. Further, because the district court found that the abusive relationship between Brant and Barber did not impact on the underlying crime, any error in excluding a re-inquiry into drug quantity was harmless.

Finally, Brant asserts that the district court judge should be recused. Because the district court did not err on re-sentencing, there is no need to remand the case. Thus, Brant's request for another judge on remand is moot.

We therefore affirm Brant's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>