**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 03-4663

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

LONNIE DEWITT RHONE,

                              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, District Judge. (CR-02-60-HO)

───────────

Submitted: January 29, 2004        Decided:  February 9, 2004

───────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jeanette Doran Brooks, Research & Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lonnie Dewitt Rhone was originally sentenced to a term of sixty-six months imprisonment after he pled guilty to armed bank robbery. In his first appeal, he argued that the district court had failed to explain adequately its decision to depart from criminal history category II to category IV pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2001). We vacated his sentence and remanded for resentencing with instructions that the district court should explain the basis for the extent of the departure. On remand, the district court complied with this direction, imposed a slightly lower sentence of sixty-three months imprisonment, and re-instated the original judgment in all other respects. Rhone appeals the new sentence, arguing that the district court erred in imposing a fine of $4000 without making specific findings concerning his ability to pay. We affirm.

Rhone did not contest the fine in the district court either at his first sentencing or on remand, and did not raise the issue in his first appeal. Thus, our review of the fine is restricted by the mandate rule, which "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (internal citation omitted). Moreover, even if

Rhone had challenged the fine when he was resentenced, the issue was beyond the scope of the remand. An exception to the rule permits the trial court to consider such an issue on remand if (1) there has been a dramatic change in the controlling legal authority, (2) significant new evidence has been discovered, or (3) a blatant error has occurred that will result in serious injustice if not corrected. Id. at 67. However, our review of the materials submitted on appeal leads us to conclude that the district court's imposition of the fine did not constitute blatant error. United States v. Castner, 50 F.3d 1267, 1277-78 (4th Cir. 1995).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED