Vacated by Supreme Court, January 24, 2005

Filed: May 11, 2004

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 03-4435
(CR-01-1024)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENE ELLIS, a/k/a Money, a/k/a Nut,

Defendant - Appellant.

O R D E R

The court amends its opinion filed March 17, 2004, as follows:

On page 2, paragraph 2, line 7, and on page 3, paragraph 1, line 8 -- "armed bank robbery" is amended to read "armed robbery."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

No. 03-4435

RENE ELLIS, a/k/a Money, a/k/a Nut,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron McGowan Currie, District Judge.
(CR-01-1024)

Submitted: January 7, 2004

Decided: March 17, 2004

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

James P. Craig, CRAIG LAW FIRM, P.C., Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Marshall Prince, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Rene Ellis was convicted by a jury of aiding and abetting three bank robberies (Counts One, Five, and Eight), conspiracy to carry firearms during and in relation to bank robberies, *see* 18 U.S.C.A. § 924(o) (West 2000) (Count Four), and three substantive counts of aiding and abetting the brandishing of a firearm during a crime of violence, *see* 18 U.S.C.A. § 2 (West 2000); 18 U.S.C.A. § 924(c) (West 2000) (Counts Two, Six, and Nine). Ellis appeals his conviction and sentence of 852 months imprisonment. We affirm.

The government's evidence at trial established that Ellis suggested to co-defendant Jamahl King, his source for marijuana, that they should rob banks. Ellis and King subsequently planned a series of armed bank robberies which were carried out by younger men who lived with and sold drugs for King. Ellis first contests the trial court's decision to allow the government to cross-examine him about his 1995 conviction for armed robbery[1] and the 1992 murder he witnessed. Evidence of a defendant's "other crimes, wrongs, or acts is not admissible to prove" bad character but may be admissible for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," Fed. R. Evid. 404(b), so long as the evidence is not substantially more prejudicial than probative, *see* Fed. R. Evid. 403. Evidence of prior conduct is admissible under Rule 404(b) and 403 if (1) "relevant to an issue, such as an element of an offense, and [is not] offered to establish the general character of the defendant"; (2) "necessary in the sense that it is probative of an essential claim or an element of the offense"; (3) reliable; and (4) "its probative value" is not "substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). The district court's decision to admit evidence of prior bad acts is reviewed for abuse of discretion. *Id.* at 998.

---

[1]Although Ellis was convicted of attempted robbery, according to the presentence report he and a co-defendant used a loaded gun to rob the victim.

Ellis admitted during his direct testimony that he was a convicted felon and that he bought marijuana from King regularly and socialized with him. However, he said that he did not know what else King might be doing, and did not ask because he did not want to get in trouble again. He also said that he had no dealings with anyone other than King because the young men always hanging around made it appear that "bad activity is going on there." Ellis argues that admission of evidence that he had previously committed an armed robbery and witnessed a murder was not permitted under Rule 404(b) because its introduction was no more than an effort by the government to establish his bad character.[2]

The government counters that the evidence was properly admitted because Ellis gave a false impression in his direct testimony that he did not associate with persons involved in "bad activity," and because such evidence was relevant to the issue of Ellis's credibility. In *United States v. Lamarr*, 75 F.3d 964, 970-71 (4th Cir. 1996), we held that evidence necessary to prove lack of credibility is an issue separate from character and satisfies Rule 404(b). Moreover, under Fed. R. Evid. 609, evidence of a prior conviction punishable by death or imprisonment for more than one year is admissible for the purpose of attacking the credibility of a defendant, and a defendant may be cross-examined about the conviction. *Lamarr*, 75 F.3d at 970-71. Because, in this case, the jury was called upon to decide whether Ellis was more credible than his co-defendants who testified against him, the fact that Ellis had previously committed an armed bank robbery was arguably necessary to rebut Ellis's testimony on direct examination that he avoided persons involved in bad activity and his statement under cross-examination that he would not do anything violent. Similarly, the evidence that he was with someone minutes before that person committed a murder because he had business with the murderer was relevant to rebut Ellis's claim on direct that he avoided people who engaged in bad activity. The evidence of prior conduct was reliable, and it was not unduly prejudicial. Therefore, we conclude that

---

[2]Ellis points out that, just prior to his trial for the instant offenses, the prosecutor encouraged him to testify in New York against the murderer, which he did. The prosecutor informed the district court at sentencing that Ellis's testimony in the murder trial might be the basis of a future Rule 35 motion for reduction of sentence.

the district court did not abuse its discretion in permitting the government to introduce the evidence.

A district court's determination of the defendant's role in the offense is reviewed for clear error. *United States v. Sayles*, 296 F.3d 219, 224 (4th Cir. 2002). Ellis contends that the district court clearly erred in finding that he was an organizer of the bank robberies because the court relied on the testimony of co-defendant Jamahl King, which he characterizes as self-serving. Because the sentencing court found King's testimony credible, there was ample evidence that Ellis instigated the robberies, selected a number of the banks that were robbed, and helped King plan the robberies. The district court's decision on this issue was largely a determination on the sufficiency of the evidence of Ellis's aggravated role and the credibility of Ellis's testimony to the contrary and thus is afforded "great deference." *United States v. Feurtado*, 191 F.3d 420, 424 n.2 (4th Cir. 1999). We are satisfied that the district court did not clearly err in finding that Ellis was an organizer of the robberies. It follows necessarily that the court did not clearly err in finding that Ellis was not entitled to a minor or minimal role adjustment, which requires a finding that the defendant was less culpable than others involved or among the least culpable. *See* U.S.S.G. § 3B1.2.

Finally, Ellis argues that the court erred in imposing the required consecutive sentences for his § 924(c) convictions. *See* 18 U.S.C.A. §§ 924(c)(1)(A)(ii), (c)(1)(C). Ellis maintains that the consecutive sentences are erroneous because he did not personally enter a bank, carry a firearm, or brandish a firearm, and because the trial court directed a verdict as to the felon-in possession charges against him. However, Ellis was convicted of aiding and abetting his co-defendants' use of firearms during the robberies. Therefore, the district court did not err in imposing the statutorily required consecutive sentences.

We therefore affirm the conviction and the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*