**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4435**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENE ELLIS, a/k/a Money, a/k/a Nut,

Defendant - Appellant.

———————————

On Remand from the United States Supreme Court.
(S. Ct. Nos. 04-5765; 04-6471)

———————————

Submitted:  September 28, 2005      Decided:  December 16, 2005

———————————

Before MOTZ, TRAXLER, and KING, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

James P. Craig, CRAIG LAW FIRM, P.C., Columbia, South Carolina, for
Appellant.  Jonathan S. Gasser, Acting United States Attorney,
Marshall Prince, Assistant United States Attorney, Jimmy C. Ewing,
Esq., OFFICE OF THE U.S. ATTORNEY, Columbia, South Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rene Ellis was convicted by a jury of aiding and abetting three bank robberies (Counts One, Five, and Eight), conspiracy to carry firearms during and in relation to bank robberies in violation of 18 U.S.C. § 924(o) (2000) (Count Four), and three substantive counts of aiding and abetting violations of 18 U.S.C. §§ 924(c), 2 (2000) (Counts Two, Six, and Nine). We affirmed his sentence of 852 months imprisonment, and subsequently denied rehearing. United States v. Ellis, No. 03-4435 (4th Cir. Mar. 17, 2004) (unpublished).

Ellis filed a petition for writ of certiorari in the United States Supreme Court. His petition was granted, and this court's judgment was vacated in light of the decision in United States v. Booker, 125 S. Ct. 738 (2005). Ellis v. United States, 125 S. Ct. 1047 (2005). Ellis' case has been remanded to this court for further proceedings.

Because Ellis' sentence was imposed prior to the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by him or found by the jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005).

We first note that, in his supplemental brief, Ellis again asserts that the district court erred in imposing consecutive sentences for the § 924(c) convictions in Counts Two, Six, and Nine. He raised the issue before this court previously, and we rejected it, concluding that "the district court did not err in imposing the statutorily required consecutive sentences." United States v. Ellis, 2004 WL 515542 at *2. Ellis does not claim that the § 924(c) sentences were error under Booker. Therefore, further review of the issue is foreclosed by the mandate rule. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). The mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." Id.

Ellis received a four-level role adjustment that the district court determined should apply on Counts One, Four, and Eight, over Ellis' objection, and a one-level loss adjustment on Count Five which he did not contest. Without the role adjustment, Ellis' total offense level for Counts One, Five, and Eight would have been 22. The total offense level for Count Four would have been 24. A four-level multiple-count adjustment would have applied under U.S. Sentencing Guidelines Manual § 3D1.4 (2002), making the combined adjusted offense level 28. Because Ellis was in criminal history category IV, the guideline range would have been 110-137 months. The 168-month sentence imposed by the district court

therefore exceeded the maximum permitted based on the facts found by the jury, and violated the Sixth Amendment. The sentence thus meets the standard for plain error that must be recognized under the reasoning set out in Hughes.*

Accordingly, we vacate the sentence and remand for resentencing consistent with Booker. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for imposing a non-guidelines sentence as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

*Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Ellis' sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED