16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jon Carlton HALL, a/k/a Rocky Top, Defendant-Appellant.
 Nos. 91-5165, 91-5166.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 24, 1993.
Decided Dec. 27, 1993.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Beckley.
 Charles R. Garten, for appellant.
 Michael W. Carey, U.S. Atty., Hunter P. Smith, Jr., Asst. U.S. Atty., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Jon Carlton Hall was originally sentenced to 121 months imprisonment for various drug offenses. His conviction and sentence were upheld on appeal, except for a two-level adjustment for obstruction of justice pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1989). His sentence was vacated and remanded for sentencing without the two-level enhancement. The judgment was affirmed in all other respects. United States v. Hall, No. 90-5693 (4th Cir. Aug. 21, 1991) (unpublished). On remand, Hall was resentenced to 97 months. He appeals this sentence, alleging that the district court violated Fed.R.Crim.P. 32 and improperly limited the scope of its inquiry in the resentencing hearing. We affirm.
 
 
 2
 Prior to the resentencing hearing, the probation officer submitted a very brief memorandum to the district court and the parties, showing a two-level reduction in the offense level and the resulting reduction in the guideline range. At the beginning of the hearing, Hall and his attorney informed the court that Hall had contacted a private guideline expert and desired a continuance so that the expert could work with his attorney in developing other issues he wished the court to consider before resentencing him.
 
 
 3
 The district court decided against a continuance, finding that the remand was solely for the purpose of imposing sentence within the corrected guideline range. This decision did not violate Rule 32 by preventing the resolution of factual issues. Hall was not entitled to raise issues he had raised at his first sentencing or had forfeited by failing to raise then or on appeal. Moreover, the district court properly limited the resentencing to the specific issue which this Court identified as requiring resentencing. See United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993). Hall did not show any exceptional circumstances which might permit reopening of any other issue. Id. at 67.
 
 
 4
 We further find that Rule 32(a)(1)(A) was satisfied when Hall had the opportunity to review with his attorney the very brief and simple revision to the presentence report at the resentencing hearing. The district court has broad discretion in deciding whether to grant a continuance. United States v. Bakker, 925 F.2d 728, 735 (4th Cir.1991). The court did not abuse its discretion here.
 
 
 5
 The judgment of the district court is therefore affirmed. We deny Hall's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.