**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4124

QUINTON D. RAINEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca B. Smith, District Judge.
(CR-94-69)

Submitted: February 24, 1998

Decided: April 14, 1998

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jon M. Babineau, Norfolk, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Fernando Groene, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Quinton D. Rainey appeals the statutorily required 240-month sentence imposed by the district court on remand at the direction of this court. We affirm the sentence.

Rainey was convicted of conspiracy to distribute crack cocaine and possession of crack cocaine with intent to distribute, see 21 U.S.C. §§ 841, 846 (1994). At his original sentencing hearing, he did not dispute that he had a prior felony drug conviction or that the instant offense involved more than fifty grams of crack. Although Rainey was subject to a mandatory sentence of at least 240 months, the district court imposed a sentence of 135 months.* The government appealed the sentence. We vacated the sentence, finding that it was "imposed in clear violation of a mandate of Congress" and remanded for resentencing.

In this appeal, Rainey argues that the original sentence was justified as a departure below the statutory minimum for substantial assistance, see U.S. Sentencing Guidelines Manual§ 5K1.1, p.s. (1994), or as a departure under USSG § 5K2.0, p.s., due to his poor health. He contends that the same sentence should have been reimposed on remand. However, the district court may depart below a mandatory minimum sentence only on a government motion pursuant to USSG § 5K1.1 or under the safety valve guideline. See USSG § 5C1.2. No departure motion was filed on Rainey's behalf, and he did not qualify for sentencing under the safety valve provision because he had six criminal history points. In resentencing Rainey, the district court followed the clear mandate of the court of appeals when it imposed the mandatory minimum sentence.

Before he was resentenced, Rainey filed a number of pro se pleadings in which he alleged that the government had failed to prove that his offense involved crack rather than some other form of cocaine base, opposed the information filed by the government under 21

_____

*The district court determined that the guideline range was 121-151 months.

U.S.C. § 851 (1994), and asserted that his prior felony conviction was invalid. The district court found that none of these issues had merit and had been waived in any case because they were not raised either in the district court or in the first appeal. See United States v. Broughton-Jones, 71 F.3d 1143, 1149 n.4 (4th Cir. 1995); United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993) (litigation of new issues foreclosed on remand when appeals court's mandate limits issues to be considered). We agree that the issues were not properly before the sentencing court on remand.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3