UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4116

JOHN FRANKLIN BANKS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-97-86)

Submitted: June 30, 2000

Decided: September 18, 2000

Before MURNAGHAN,* NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL & JOHNSON, Greens-
boro, North Carolina, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Anthony P. Giorno, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

*Judge Murnaghan participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. section 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This Court previously affirmed John Franklin Banks' conviction for operating a continuing criminal enterprise (CCE), 21 U.S.C.A. § 848 (West Supp. 2000), and vacated his conviction for conspiracy, 21 U.S.C.A. § 846 (West Supp. 2000), in light of the Supreme Court's decision in Rutledge v. United States, 517 U.S. 292, 300 (1996). We remanded the case to the district court for the limited purpose of resentencing Banks only on the CCE conviction. See United States v. Banks, No. 98-4879 (4th Cir. Oct. 12, 1999) (unpublished). This court's mandate issued on November 3, 1999.

In his appeal from the sentence imposed on resentencing, Banks claims that the district court erred when it denied his Fed. R. Crim. P. 33 motion for a new trial because the jurors in his case were not instructed that they were required to unanimously agree on the same series of violations supporting Banks' CCE conviction. See Richard-son v. United States, 526 U.S. 813, 824 (1999). Finding no reversible error, we affirm.

As an initial matter, Banks' Fed. R. Crim. P. 33 motion was time-barred because a motion for new trial based on grounds other than the discovery of new evidence must be made within seven days following the jury's verdict. See Fed. R. Crim. P. 33; see also, United States v. Hall, ___ F.3d ___, ___, 2000 WL 674904, at *3-4 (D.C. Cir. June 2, 2000) (No. 99-3141).

To the extent that Banks' claim is considered as an objection to the validity of the sentence imposed on resentencing, we must decide whether his claim was precluded by the operation of the mandate rule. The mandate rule provides that on remand, the district court may not consider any issue "expressly or implicitly decided by the appellate court . . . [or] foregone on appeal or otherwise waived." United States

2

v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Here, Banks did not challenge the validity of his CCE conviction in his first appeal.* Therefore, it is barred unless it falls into an exception to the mandate rule.

A court may consider a new issue on remand if there is "a `show-

[ing] that controlling legal authority has changed dramatically; [(2) that] significant new evidence, not earlier obtainable in the exercise of due diligence[, has come to light]; or . . . [(3)] that a blatant error

in the prior decision will, if uncorrected, result in a serious injustice.'" Id. at 67 (quoting United States v. Bell , 988 F.2d 247, 251 (4th Cir. 1993)) (alterations in original). Here, even assuming that Richardson constituted a dramatic change in controlling legal authority, the

change occurred prior to this Court's decision in Banks' first appeal. Moreover, no serious injustice will result if the error is not corrected. In the first appeal, this Court could have affirmed the conspiracy

charge and vacated the CCE charge in compliance with Rutledge. Banks would have received the same life sentence to which he was sentenced on the conspiracy charge. As such, Banks can show no

prejudice permitting him to relitigate the validity of his CCE conviction. See generally United States v. Brown, 202 F.3d 691, 699 (4th Cir. 2000) (holding that Richardson error is subject to harmless error analysis).

Accordingly, we affirm Banks' conviction and life sentence on the CCE charge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*The Richardson decision was issued on June 1, 1999, more than four months prior to this Court's disposition of Banks' first appeal. A review of the briefs and appendix in Banks' prior appeal reveals that Banks did not challenge his CCE conviction in that appeal, nor were the jury instructions or verdict form reproduced in the appendix.

3