Rehearing granted, July 31, 2003

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ALLEN JETT,

*Defendant-Appellant.*

No. 02-4827

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTOINE DEPAUL MARSHALL, a/k/a
Chim Chim, a/k/a Antone Depaul
Marshall,

*Defendant-Appellant.*

No. 02-4828

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CR-96-458-WMN)

Submitted: April 30, 2003

Decided: May 20, 2003

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Anthony D. Martin, SOLOMON & MARTIN, Greenbelt, Maryland; Thomas T. Ruffin, Jr., Washington, District of Columbia, for Appellants. Thomas M. DiBiagio, United States Attorney, Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Allen Jett was convicted of conspiracy to murder and kidnap in aid of racketeering, 18 U.S.C. § 1959(a)(5) (2000), conspiracy to retaliate against federal witnesses, 18 U.S.C.A. §§ 371, 1513 (West 2000 & Supp. 2002), and conspiracy to distribute a quantity of heroin and cocaine, 21 U.S.C. § 846 (2000). Antoine DePaul Marshall was convicted of participation in the drug conspiracy. Initially, Jett received a life sentence for the drug conspiracy, a five-year sentence for the conspiracy to retaliate, and a ten-year sentence for the conspiracy to murder and kidnap. Marshall received a sentence of 264 months. In the first appeal, we held that the statutory maximum sentence for the drug conspiracy for both Appellants was twenty years. Their sentences were vacated and their cases remanded for resentencing in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Jett and Marshall now appeal the sentences of 420 months and 235 months they received, respectively, on remand. After consideration of the issues raised by Appellants, we affirm.

In this appeal, relying on *Apprendi* and *Ring v. Arizona*, 536 U.S. 584 (2002) (applying *Apprendi* to capital sentencing), Appellants principally challenge their sentences by contending that the statutory maximum sentence for the drug conspiracy with which they were

charged, a conspiracy involving "a detectable amount" of cocaine and heroin, is established by the sentencing guidelines, rather than § 841(b), because 18 U.S.C. § 3553(b) incorporates the sentencing guidelines by reference and mandates their use. They argue that the statutory sentencing range for a conspiracy to distribute an unspecified quantity of heroin or cocaine is determined by the guideline ranges possible for base offense level 12 under § 2D1.1(c)(14), i.e., 10-37 months, and allege that any fact that would increase their sentence beyond that "statutory" range must be proved to a jury beyond a reasonable doubt.

When presented with this argument for the first time at the resentencing hearing, the district court correctly determined that it was precluded by the mandate rule, which "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). In the first appeal, we concluded that the statutory maximum sentence for the drug conspiracy for both Jett and Marshall was twenty years pursuant to § 841(b)(1)(C). A trial court may reopen an issue on remand only in rare circumstances not present here. *Bell*, 5 F.3d at 67. Therefore, the district court did not err in refusing to consider this claim.

For the same reason, we find no merit in Appellants' related claims of error concerning the district court's determination of aggravating factors affecting their guideline ranges by a preponderance of the evidence. We also reject Jett's claims that, in his case, the district court should have grouped together under USSG § 3D1.2(b) the counts for conspiracy to kidnap/murder and conspiracy to retaliate, and that his sentences should have been made concurrent rather than consecutive.

Marshall contends that the district court erred by imposing a five-year term of supervised release when it resentenced him because no more than a three-year term was authorized under 18 U.S.C. § 3559(a)(3) (2000). That section classifies as a Class C felony an offense for which the statutory maximum sentence is 10-25 years. A term of not more than three years supervised release is prescribed for a Class C felony pursuant to 18 U.S.C. § 3583 (2000), "except as otherwise provided . . . ."

Because Marshall did not dispute the five-year supervised release term at resentencing, the issue is reviewed for plain error. *United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001). The district court did not err because § 841(b)(1)(C) authorizes a supervised release term of "at least three years," not a minimum term of three years, and this court has held that the statutory cap in § 3583 "does not apply to statutes, such as § 841(b)(1)(C), whose own mandatory *minimum* periods of supervised release are the same as, or exceed, the *maximum* periods provided by § 3583." *Pratt*, 239 F.3d at 647 (emphasis in original).

We therefore affirm the sentences imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*