**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4786**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNON A. COLLINS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-
87-338-HAR)

———————

Submitted:  March 14, 2005          Decided:  January 10, 2006

———————

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Sarah S. Gannett, Staff
Attorney, Baltimore, Maryland, for Appellant.  Allen F. Loucks,
United States Attorney, Jonathan M. Mastrangelo, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Vernon A. Collins appeals his thirty-five year sentence, imposed after we remanded in part his appeal from an order denying his motion under former Fed. R. Crim. P. 35.

We determined that Collins's two convictions and sentences under 18 U.S.C. § 922(g) (1982) violated the rule in United States v. Ball, 470 U.S. 865 (1985). See United States v. Collins, 2005 WL 857231 at *1 (4th Cir. 2004). We therefore directed the district court to vacate one of Collins's convictions and resentence him consistent with our opinion.

On resentencing, Collins moved the district court to reconsider whether he should receive a sentence enhancement under 18 U.S.C. § 924(e) (1982). Collins argued he did not have three requisite predicate convictions because he had been unlawfully denied access to an attorney during a juvenile waiver proceeding for one of the offenses, in violation of Gideon v. Wainwright, 372 U.S. 335 (1963). The district court denied Collins's motion because it found it was constrained by our mandate not to consider this issue.

"Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939)). That is, a district court must abide by the

mandate of an appeals court and may not consider questions resolved by that mandate.  <u>Bell</u>, 5 F.3d at 66.  When a district court engages in further proceedings related to the matter resolved by the appellate court, the district court must follow both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.  <u>Id.</u> at 66-67.

We conclude the district court did not err when it found that our mandate prevented it from reconsidering Collins's § 924(e) enhancement.  We also conclude that Collins's argument does not meet an exception to the mandate rule.  <u>Id.</u> at 67.  Collins has failed to establish that the right to collaterally attack his state convictions during federal sentencing based on lack of counsel did not exist at the time of his sentence.  <u>See</u> <u>Burgett v. Texas</u>, 389 U.S. 109 (1967); <u>United States v. Tucker</u>, 404 U.S. 443 (1972).  Nor was his sentence affected by <u>Blakely v. Washington</u>, 542 U.S. __, 124 S. Ct. 2531 (2004).

Accordingly, we affirm Collins's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>