**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5106**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANTZ MICHEL, a/k/a John Doe, a/k/a Freon,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:00-cr-00141-HEH)

_____

Submitted:  July 25, 2007          Decided:  August 16, 2007

_____

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher C. Booberg, THE JOEL BIEBER LAW FIRM, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frantz Michel was convicted of conspiracy to possess with intent to distribute a quantity of heroin, a quantity of cocaine, and more than fifty grams of cocaine base "crack" in violation of 21 U.S.C. § 846 (2000), and was sentenced to life imprisonment. This court affirmed Michel's conviction and sentence. After the Supreme Court vacated and remanded on United States v. Booker, 543 U.S. 220 (2005), grounds, this court vacated and remanded for the district court to resentence Michel in light of the fact that the Federal Sentencing Guidelines were no longer mandatory.

On remand, the district court held another sentencing hearing. The parties did not dispute the factual findings in the original presentence report. Further, the court understood that the Sentencing Guidelines were advisory and considered the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). The court denied Michel's motion for a downward departure/variance, and again sentenced Michel to life imprisonment. The life sentence was within Michel's advisory sentencing range based on his total offense level of 44 and his criminal history category of I.

Michel raises numerous issues on appeal but primarily attacks the reasonableness of his resentencing. Many of Michel's claims are barred as being beyond the scope of this court's remand. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). We review a

post-<u>Booker</u> sentence to determine whether the sentence is within the statutorily prescribed range and is reasonable. <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). In a post-<u>Booker</u> sentencing, a court must calculate the advisory Sentencing Guidelines range, consider whether that range serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors. <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). A sentence within a properly-calculated advisory Guidelines range is presumptively reasonable. <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007). A defendant can only rebut the presumption of reasonableness by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 3044 (2007). We find the sentence was reasonable and Michel has failed to rebut the presumption of reasonableness.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>