**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4281**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DARRELL ANTONIO BURRELL, a/k/a Silly Rabbit,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:98-cr-00210-WMN)

Submitted:  March 31, 2008          Decided:  May 2, 2008

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Jamie M. Bennett, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Antonio Burrell was convicted in 2000 of conspiring to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846 (2000) (Count One), and killing a person in furtherance of a drug conspiracy, 21 U.S.C. § 848(e)(1) (2000) (Count Two). He received a sentence of life imprisonment. On appeal, we affirmed his conspiracy conviction and concluded that there was sufficient evidence to sustain the § 848(e) conviction. However, we vacated the § 848(e) conviction because Burrell had not been provided with two lawyers for the death-eligible offense, as required by statute. The case was remanded for resentencing on the drug conspiracy alone. United States v. Ray, 61 F. App'x 37 (4th Cir. 2003).

On remand, the district court again imposed a life sentence. Burrell appealed his sentence and we remanded the case again, this time for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). In March 2007, the district court resentenced Burrell under an advisory guideline scheme, finding by a preponderance of the evidence that he had killed two persons in his capacity as enforcer for the conspiracy. The court applied the cross reference in U.S. Sentencing Guidelines Manual § 2D1.1(d)(1) (2006) to USSG § 2A1.1 (First Degree Murder), which resulted in an offense level of 43 and a guideline range of life. The court

imposed a sentence of life imprisonment.  Burrell appeals this sentence.  We affirm.

Burrell first contends that the sentence is unreasonable because the district court failed to make the analysis required after Booker and merely imposed the same life sentence it had imposed previously.  A sentence is reviewed for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 128 S. Ct. 586, 597-98 (2007).  The appeals court first determines whether the district court committed any procedural error, such as failing to calculate the guideline range properly, consider the § 3553(a) factors, or explain the sentence adequately, id., and then decide whether the sentence is substantively reasonable.  Id.; see also United States v. Brewer, ___ F.3d ___, 2008 WL 733395, at *4 (4th Cir. 2008).  In this case, the district court followed the necessary procedural steps.

The appeals court must also consider the substantive reasonableness of the sentence.  Gall, 128 S. Ct. at 597.  A sentence within a properly calculated guideline range, as Burrell's sentence was, may be accorded a presumption of reasonableness.  See Rita v. United States, 127 S. Ct. 2456, 2462 (2007).  This presumption can be rebutted only by showing that the sentence is unreasonable when measured against the § 3553(a) factors.  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).  Here, the court considered the

- 3 -

§ 3553(a) factors and the arguments made by defense counsel and explained its reasons for imposing the life sentence. We conclude that Burrell has not shown any information that rebuts the presumption that the guideline sentence is reasonable.

Next, relying on Booker, Burrell contends that the application of the cross reference was error because the jury did not find him guilty of murder. However, as the government points out, when Burrell challenged the sufficiency of the evidence supporting his § 848(e) conviction in his first appeal, we concluded that the evidence was sufficient. Moreover, the district court's use of the preponderance of the evidence standard while applying the guidelines as advisory does not violate the Sixth Amendment. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005); see also United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005) (finding that Booker's remedy demonstrates that judicial factfinding by a preponderance of the evidence is unconstitutional only when it results in mandatory increase in defendant's sentence). Thus, the district court did not err in this regard.

Burrell contends that the district court erred in finding, alternatively, that he qualified for sentencing as a career offender. However, because the court correctly applied the cross reference in § 2D1.1(d)(1), and the resulting offense level of 43 was higher than the career offender offense level would have been, we need not address this issue.

Last, Burrell maintains that he is entitled to a new trial for the conspiracy count because it is "inextricably linked" to the vacated capital offense. Burrell argued in his first appeal, that "the denial of two counsel infect[ed] his entire trial and that both counts of conviction must be vacated and remanded for retrial." Ray, 61 F. App'x at 52. He contended that an affirmance of the conspiracy conviction would amount to an ex post facto severance. We rejected his argument. Id.

Generally, "'the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988)). The law of the case must be applied:

> "in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

Id. (quoting Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions).

Here, Burrell reasserts the argument that the denial of his statutory right to two attorneys on the capital count required reversal of the conspiracy conviction because the same conduct on

- 5 -

his part underlay both charges.  To the extent that he is making a different claim, it is one that could have been raised in his first appeal.  See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal . . . ."). Burrell's claim does not fall within any of the exceptions to the law-of-the-case doctrine.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED