Margaret MULLINS, Plaintiff—
Appellee,

v.

AT&T CORPORATION, Defendant—
Appellant,

and

Connecticut General Life Insurance Company; AT&T Long Term Disability Plan for Occupational Employees; AT&T Medical Expense Plan for Occupational Employees, Defendants.

Margaret Mullins, Plaintiff—Appellant,

v.

Connecticut General Life Insurance Company; AT&T Long Term Disability Plan for Occupational Employees; AT&T Corporation; AT&T Medical Expense Plan for Occupational Employees, Defendants—Appellees.

Margaret Mullins, Plaintiff—Appellant,

v.

Connecticut General Life Insurance Company; AT&T Long Term Disability Plan for Occupational Employees; AT&T Corporation; AT&T Medical Expense Plan for Occupational Employees, Defendants—Appellees.

Nos. 04–2135, 04–2136, 07–1717.

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 8, 2008.

Decided: Sept. 3, 2008.

Patricia Ann Smith, Law Offices of Patricia A. Smith, Alexandria, Virginia, for Margaret Mullins. Robert Barnes Delano, Jr., Jeffrey Hamilton Geiger, Sands, Anderson, Marks & Miller, Richmond, Virginia, for AT&T Corporation, Connecticut General Life Insurance Company, AT&T Long Term Disability Plan for Occupational Employees and AT&T Medical Expense Plan for Occupational Employees.

Before TRAXLER and KING, Circuit Judges, and R. BRYAN HARWELL, United States District Judge for the District of South Carolina, sitting by designation.

Remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margaret Mullins sought benefits under an ERISA[1]-governed long-term disability plan provided by her employer, AT&T Corporation, and administered by Connecticut General Life Insurance Company ("Connecticut General"). After her claim was denied, she brought this action in federal district court against AT&T and Connecticut General. The district court granted summary judgment in favor of the defendants on Mullins's disability claims, but granted summary judgment in favor of Mullins on her claim that AT&T violated ERISA by not providing a copy of the summary plan description for the long-term disability program as she requested. Mullins appealed, and AT&T cross-appealed. Without addressing the merits of the appeal or the cross-appeal, we remanded the case to the district court with instructions for the court to determine whether certain claims-processing documents sought by Mullins existed, provide Mullins with any such documents relevant to her claim for benefits, and make any necessary changes to its prior opinion. After remand, the district court considered various claims-processing materials *in camera* and re-affirmed its grant of summary judgment in favor of AT&T and Connecticut General. Mullins appeals, and we again remand for further proceedings consistent with this opinion.

## I.

At AT&T, Mullins handled "relay" calls for disabled persons, a position that required her to type the telephone conversations as quickly as possible. Mullins developed carpal tunnel syndrome in both hands, a condition to which her diabetes contributed. Mullins underwent two unsuccessful surgeries, and her doctors ultimately concluded that she was unable to perform the requirements of her job.

In September 1999, Mullins sought benefits under AT&T's long-term disability plan. In connection with the claim, counsel for Mullins requested copies of the long-term disability policy and all other plan documents. Mullins received some documents, but she did not receive a copy of the summary plan description ("SPD"). In January 2000, Connecticut General denied Mullins's claim for benefits. After additional levels of internal review by a case manager and then by an appeals team, Connecticut General finally denied Mullins's claim in January 2003.

Mullins thereafter commenced this action in federal district court. She alleged that the defendants wrongfully denied her claim for disability benefits and violated ERISA by failing to provide her a copy of the SPD when requested. During the course of the proceedings before the district court, Mullins sought discovery of Connecticut General's claims-processing manual, protocols, or internal guidelines addressing the processing of disability claims and appeals.

The district court denied Mullins's discovery requests and granted summary judgment to the defendants on Mullins's benefits claim. The court held that Connecticut General did not abuse its discretion by concluding that Mullins was not

---

1. The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1001–1461 (West 1999 & Supp.2008).

disabled within the meaning of the disability plan. The district court, however, concluded that AT&T failed to provide Mullins with a copy of the SPD as required by ERISA, and the court ordered AT&T to pay Mullins $18,400 in civil penalties. *See* 29 U.S.C.A. § 1132(c)(1)(B). Mullins appealed the district court's rejection of her claim for benefits, and AT&T cross-appealed the penalties.

As part of her argument on appeal, Mullins argued that the district court erred by denying her discovery requests. Mullins noted that when an ERISA plan vests the plan administrator with discretion in interpreting the plan, the denial of benefits is reviewed for abuse of discretion, a standard that requires courts to consider, among other things, "the adequacy of the materials considered to make the decision and the degree to which they support it"; "whether the decisionmaking process was reasoned and principled" and "any external standard relevant to the exercise of discretion." *Booth v. Wal–Mart Stores, Inc. Assocs. Health & Welfare Plan,* 201 F.3d 335, 342–43 (4th Cir.2000). Mullins argued that she could not demonstrate that the materials considered by Connecticut General were inadequate or challenge the quality of its decisionmaking process without being able to see and, if relevant, show the information and processes that Connecticut General itself had determined were necessary for resolving disability claims.

After oral argument, this court, without addressing the merits of Mullins's appeal or the cross-appeal, remanded the case to the district court. We directed the district court to

> ascertain the existence of any document or documents such as a claims manual, protocol, or internal guidelines concerning the processing of long-term disability claims and appeals from claim denials, as requested by plaintiff.... If such documents exist, the district court will examine them, in particular considering 29 C.F.R. § 2560.503–1,[2] and will provide to the plaintiff any such document or documents relevant to her claim for benefits and affecting the question of her disability.
>
> If such documents exist and are provided to the plaintiff, the district court will, after appropriate time for the parties to address the question, enter any change to its previous decision it may wish to make.

Remand Order, Case No. 04–2135(L) (4th Cir. April 21, 2006) (internal quotation marks omitted).

On remand, the district court ordered Connecticut General to submit the relevant documents for *in camera* review, and the court directed Mullins to provide it with a list of all sections and subject areas of the documents that she believed might be relevant to her disability claim. The court

---

**2.** As amended in November 2000 (after Mullins's claim was initially denied), 29 C.F.R. § 2560.503–1(g)(1)(v)(A) requires the employer to provide a claimant with a copy of any "internal rule, guideline, protocol, or other similar criterion [that] was relied upon" to deny a claim. Mullins contends that the regulation as amended in 2000 is applicable to this case and supports her discovery requests, while Connecticut General contends (and the district court concluded) that the pre-amendment version of the regulation governs. We did not decide this question in our prior re-

mand order, and we need not and do not decide it now. We note, however, that the prior version of the regulation provided that after the denial of a claim, the employer must permit the claimant to review "pertinent documents," 29 C.F.R. § 2560.503–1(g)(1)(ii) (1999), so as to "enable the claimant to prepare adequately for any further administrative review, as well as appeal to the federal courts." *Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685, 689 (7th Cir.1992) (internal quotation marks omitted).

granted Connecticut General's motion for a protective order and permitted Connecticut General to submit the documents under seal.

Several months after Connecticut General submitted the documents to the district court for review, the district court, without ever permitting Mullins to see any portion of claims-processing documents, issued an order granting summary judgment to Connecticut General. When concluding that Connecticut General reasonably exercised its discretion when denying Mullins's claim for benefits, the district court referred to and specifically relied upon certain portions of the claims manual. *See* J.A. 87.

Mullins filed a motion seeking reconsideration of the district court's order. Mullins contended that the district court did not comply with the mandate of this court's remand order, which required the district court to permit Mullins to review the relevant portions of the claims-processing documents and to make arguments about the significance of those documents to her claim for disability benefits. Because the district court in its decision specifically referred to portions of the claims manual, Mullins argued that the court had found at least some portions of the manual to be relevant to her benefits claims. In support of her motion for reconsideration, Mullins submitted portions of the claims manual that had recently been obtained by her attorney, documents that Connecticut General had produced (without a protective order) during discovery in an unrelated case. Mullins argued that these portions of the claims manual "reflect[ed] clear relevance to the issues in this litigation," and that giving her access to the full claims manual "would undoubtedly reveal

far more complete information relevant to all the issues the Court is required to address under *Booth.*" J.A. 99 (emphasis omitted).

The district court denied Mullins's motion for reconsideration. The court explained that it did not provide the claims manual or review protocols to Mullins because the documents "contain[ed] internal proprietary information about risk assessment and methods of administering a claim that are closely held in the insurance industry," but the court noted that it "did not observe any transgression of established policy or claims review protocol in the review and administration of [Mullins's] claim." J.A. 159. As to the portions of the claims that Mullins submitted in support of her motion, the district court concluded that the documents could not be considered new evidence that might warrant reconsideration of its summary judgment order, since Mullins had previously submitted that information to the court as part of her opposition to Connecticut General's request for a protective order.

## II.

Mullins now appeals, challenging the order entered by the district court after remand and the order denying her motion for reconsideration. As to the order granting summary judgment to Connecticut General, Mullins contends that the district court did not comply with the mandate of our remand order, in that the court did not give her access to any portion of the claims manual or other documents submitted by Connecticut General, nor did the court give her an opportunity to present arguments about the relevance of any claims-processing documents to her claim for disability benefits. We agree.[3]

---

**3.** Because we conclude that the district court's summary judgment order did not comply with the terms of our mandate, a conclusion that in and of itself requires anoth-

er remand, we need not consider Mullins's separate claim that the district court erred by denying her motion for reconsideration.

Our limited remand order very clearly and specifically required the district court to give Mullins access to any claims-processing documents relevant to her claim for benefits, and the district court was obligated to comply with the terms of our mandate. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir.1993) ("[W]hen this court remands for further proceedings, a district court must, except in rare circumstances, implement both the letter and spirit of the mandate, taking into account our opinion and the circumstances it embraces." (internal quotation marks and alterations omitted)). It is apparent that the district court found at least some of the documents it reviewed to be relevant, given that the court relied on portions of the claims manual when concluding that Connecticut General properly denied Mullins's claim. At the very least, then, the mandate of our remand order required the district court to provide to Mullins those portions of the claims manual that were mentioned in the summary judgment order.

Moreover, the district court's statement that it "did not observe any transgression of established policy or claims review protocol in the review and administration of [Mullins's] claim," J.A. 159, suggests that other claims-processing documents submitted by Connecticut General were relevant to Mullins's claim for benefits, but that the district court declined to provide them to Mullins because it did not believe Mullins could show any deviations from the procedures set out in those documents. Our remand order, however, required the district court to provide Mullins with access to *all* relevant claims-processing documents and to give Mullins herself an opportunity to present argument as to the effect of those documents on her claim that benefits were improperly denied. That the district court or this court might ultimately reject Mullins's arguments about the import of such documents does not mean that the documents are not relevant to her claim and does not place the documents beyond the scope of our prior remand order.

Mullins's central appellate argument—that Connecticut General abused its discretion by denying her claim for benefits—is interconnected with her contention that Connecticut General violated its own procedures when denying her claim. Under these circumstances, meaningful appellate review of the denial of benefits simply cannot proceed until the factual and legal issues surrounding Connecticut General's claims-processing procedures are resolved. Accordingly, while we are reluctant to further protract this already protracted litigation, we are constrained to again remand this case to the district court for the limited purpose of resolving the questions about Connecticut General's claims-processing procedures.

On remand, the district court shall provide to Mullins *all* claims-processing documents that are relevant to her claim for long-term disability benefits, including those documents setting forth procedures with which, in the district court's view, Connecticut General complied.[4] Mullins has, at the district court's request, compiled a list of all sections and subject areas of the claims-processing documents that she believes might be relevant to her claim for benefits. While we do not suggest that the district court must provide Mullins with all documents reflected in her list, the list should provide a good starting point for the district court's identification of the documents that are relevant and that must therefore be provided to Mullins under the

---

4. While we appreciate the district court's concern about protecting Connecticut General's proprietary interest in its claims-processing

procedures, we agree with Mullins that the protective order entered by the court is sufficient to protect that interest.

terms of our prior remand order. Should the district court conclude that any of the documents on the list are not relevant to Mullins's claim for benefits, the district court should briefly explain the basis for its determination that the document is not relevant.[5] Once the district court has identified all relevant claims-processing documents and provided those documents to Mullins, the district court must give Mullins a reasonable time to review the documents and present argument as to how the documents support her contention that Connecticut General improperly denied her claim for long-term disability benefits, and the court must likewise give Connecticut General a reasonable opportunity to respond to Mullins's arguments. After consideration of the parties' positions, the district court may re-affirm its prior opinion granting summary judgment to Connecticut General on Mullins's claim for disability benefits or make any changes it deems necessary to its prior decision. Once the issues surrounding Connecticut General's claims-processing procedures have been resolved, this court will be in a position to provide meaningful appellate review of the denial of Mullins's claim for long-term disability benefits.

Accordingly, for the foregoing reasons, we hereby remand this case to the district court for further proceedings consistent with the instructions set forth in this opinion.

*REMANDED.*

---

5. When determining the relevance of the claims-processing documents, the district court should keep in mind the abuse-of-discretion standard by which the denial of benefits must be reviewed, *see Metropolitan Life Ins. Co. v. Glenn,* —— U.S. ——, 128 S.Ct. 2343, 2346, 171 L.Ed.2d 299 (2008); *Booth v.* *Wal–Mart Stores, Inc. Assoc. Health & Welfare Plan,* 201 F.3d 335, 342 (4th Cir.2000), and the kind of factors that should be considered when determining whether a fiduciary properly exercised its discretion. *See Booth,* 201 F.3d at 342–43.