**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4767**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DARREN WHITE, a/k/a Doctor, a/k/a Coolie,

        Defendant – Appellant,

    and

RANDY MARTIN; LUTHER BRYAN; ALISIA H. AKBAR; LACARIA BROWN; GEORGEAN MCCONNELL; GUSSIE D. NOLLKAMPER; FLORENCE NOLLKAMPER; CHRISTOPHER M. MORRIS; LAVACA COUNTY TEXAS; JOSEPH E. MCCONNELL; JOHN M. WARTHER; WELLS FARGO HOME MORTGAGE, INCORPORATED; CHERYL L. AMAKER; DONNA C. ADKINS; CHASE MANHATTAN MORTGAGE CORPORATION,

        Parties-in-Interest.

———————————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:02-cr-00548-CMC-13)

———————————

Submitted:  March 18, 2009        Decided:  April 6, 2009

———————————

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and John Preston BAILEY, Chief United States District Judge for the Northern District of West Virginia, sitting by designation.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary J. Darrow, Raleigh, North Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren White was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to life in prison. White appealed, challenging his conviction and sentence. We affirmed White's conviction and rejected claims relating to White's sentence, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished).

On remand, the district court sentenced White to 360 months in prison. White timely appealed. White now claims that the district court erred when it: (i) enhanced his Guidelines range by two levels based on possession of a dangerous weapon, in accordance with U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2002); (ii) increased his offense level by three levels based on his managerial role in the conspiracy, pursuant to USSG § 3B1.1 (2002); and (iii) used the pre-amended cocaine base Guidelines to determine his Guidelines range because those Guidelines overstated his culpability. Finding no error, we affirm.

3

We find that White's challenges to his Guidelines range calculation are barred by the law-of-the-case doctrine and that none of the exceptions to that doctrine apply. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal."); see also United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing law-of-the-case doctrine and the exceptions thereto).

After Booker, a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008).

Assuming the district court committed no significant procedural error, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. at 161-62. While we may presume that a sentence within the Guidelines range is

4

reasonable, we may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597; see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."). Rather, in reviewing a sentence outside the Guidelines range, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

Because our review of the proceedings on remand reveals no procedural or substantive error, we affirm the variant sentence imposed by the district court. At White's resentencing, the district court heard counsel's argument regarding the weight that should be afforded the § 3553(a) factors, afforded White an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing White's sentence. We conclude that the district court adequately explained its rationale for imposing the variant sentence, that the sentence was selected pursuant to a reasoned process in accordance with law, and that the reasons relied upon

5

by the district court are plausible and justify the sentence imposed.  Abu Ali, 528 F.3d at 260-61; United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

Based on the foregoing, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED