**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5008**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRICEIDA MITRE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Claude M. Hilton, District Judge.  (CR-03-327)

Submitted:  June 30, 2006          Decided:  December 8, 2006

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Brosnan, WATERS & WISE, PLLC, Fairfax, Virginia, for Appellant.   Paul J. McNulty, United States Attorney, Kevin R. Gingras, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Briceida Mitre appeals the sentence imposed on resentencing in light of United States v. Booker, 543 U.S. 220 (2005), for conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and conspiracy to import one kilogram or more of heroin, in violation of 21 U.S.C. §§ 952(a), 963 (2000). Mitre was sentenced to 120 months in prison. She timely appealed.

In her first direct appeal, Mitre challenged her conviction on three bases, including that the district court's supplemental jury instruction in response to a question from the jury was plain error. During its deliberation, the jury asked the court whether they had to find the drug quantity attributable only to Mitre or to the conspiracy as a whole. The court instructed the jury that it "should determine what the Government has proven beyond a reasonable doubt that relates to the conspiracy." At trial, Mitre did not object to the instruction. The jury thereafter convicted Mitre of one kilogram or more on both counts.

Mitre argued in her first appeal that the instruction failed to inform the jury that she could only be held responsible for the drug quantities of the other conspirators if they were reasonably foreseeable and in furtherance of the conspiracy. The panel, relying on United States v. Collins, 401 F.3d 212, 220 (4th Cir. 2005) (Collins I), held that the district court's instruction

did not violate Mitre's substantial rights and therefore she did not demonstrate plain error.  However, because the panel found that her sentence violated <u>Booker</u>, the case was remanded for resentencing.  Mitre filed a petition for rehearing, which was denied.  Seven days before the mandate issued in Mitre's case, the court, on petition for rehearing, reversed <u>Collins I</u> and issued a new opinion in <u>United States v. Collins</u>, 415 F.3d 304 (4th Cir. 2005) (<u>Collins II</u>).  <u>Collins II</u> reversed the prior panel decision holding that any error in the supplemental jury instruction was harmless and held that the improper jury instruction invalidated the quantity of drugs determined at trial and the conviction could only be upheld on a finding of a default quantity of drugs. <u>Collins II</u>, 415 F.3d at 311-15.

At Mitre's resentencing hearing, Mitre's counsel argued that the mandate rule should not apply and the district court should apply <u>Collins II</u> when determining the amount of drugs attributable to Mitre.  Because the district court's supplemental instruction was error, Mitre contended that, under <u>Collins II</u>, she should be sentenced using a default, lowest level, drug amount. The district court held that it was only permitted to reconsider the sentence in light of this court's mandate with regard to <u>Booker</u> error.  The district court therefore sentenced Mitre to the minimum statutory sentence under 21 U.S.C. § 841(b)(1)(A)(i) (2000).  The court did not make additional or renewed findings on drug quantity.

Therefore the 4.5 kilograms originally found by the district court as attributable to Mitre was still valid.

Mitre argues that the district court violated her Sixth Amendment rights when it sentenced her based on drug quantity not found by a jury due to the erroneous jury instruction. She contends that she should have been sentenced based on a default drug quantity, as outlined in Collins II. She claims that the court should have imposed a sentence consistent with the default quantity under 21 U.S.C. § 846 (2000) (penalty provisions found at 21 U.S.C. § 841) after considering the advisory guideline range. Mitre, however, bases her argument on the default, or lowest drug amounts found in U.S. Sentencing Guidelines Manual § 2D1.1 (2003). She claims that under USSG § 2D1.1, for less than five grams of heroin attributable and her established criminal history category of I, the advisory sentencing guidelines range would be 10-16 months of imprisonment.

The mandate rule is a "'specific application of the law of the case doctrine.'" United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)). Generally, "'the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Aramony, 166 F.3d 655, 661 (4th

Cir. 1999) (quoting <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 815-16 (1988)).  The law of the case must be applied:

> "in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

<u>Id.</u> (quoting <u>Sejman v. Warner-Lambert Co.</u>, 845 F.2d 66, 69 (4th Cir. 1988)); <u>see</u> <u>S. Atl. Ltd. P'ship of Tenn. v. Riese</u>, 356 F.3d 576, 583 (4th Cir. 2004) (discussing "mandate rule, which has been characterized as a more powerful version of the law of the case doctrine") (internal quotation marks and citation omitted).

We conclude that the mandate rule applies because there is no exception to bar its application.  Although, in upholding Mitre's conviction in her first direct appeal, we cited <u>Collins I</u> for the proposition that the error complained of did not affect Mitre's substantial rights, the reversal of the <u>Collins</u> case in no way affects the controlling authority governing Mitre's case. <u>Collins</u> involved harmless error review, while <u>Mitre</u> involves plain error review.

The different requirements for harmless error and plain error make it clear that the outcome in <u>Collins II</u> does not dictate the outcome of <u>Mitre</u>.  The fact that the Government in <u>Collins</u> failed to prove beyond a reasonable doubt that the error complained of was not substantial does not compel the conclusion that Mitre

met her burden of proof in showing that a similar error was substantial. And, even if it did, plain error review further requires the court to find that the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002). That is not the case here where the defendant has been found responsible for 4.5 kilograms of heroin and even remand for resentencing to the statutory default would yield a sentence between zero and twenty years, a range consistent with the defendant's existing sentence of ten years. We therefore conclude that the mandate rule applies and even if it did not, Mitre cannot demonstrate plain error resulting from an erroneous jury instruction under Collins.

Even if the mandate rule did not apply, and the district court had considered Collins II, there is no Sixth Amendment error in Mitre's sentence. The statutory penalty provisions of 21 U.S.C. § 841(b)(1)(C) (2000) would have been applicable because the default drug amount would be less than 100 grams of heroin. The statutory range would then be zero to twenty years of imprisonment. As noted above, Mitre's ten-year sentence falls within that range.

On resentencing, the district court believed that it was bound by the jury verdict of one kilogram of heroin in determining the statutory sentencing range. That range, under 21 U.S.C. § 841(b)(1)(A)(i) is a minimum of ten years and maximum of life imprisonment. Even if the district court mistakenly concluded that

it was operating under 21 U.S.C. § 841(b)(1)(A)(i), such a conclusion would not be reversible error. The guideline range, based on a drug quantity of 4.5 kilograms of heroin, was 151-188 months of imprisonment--a range above the sentence imposed.[*]

We therefore affirm Mitre's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[*]We note that Mitre's argument that the court is bound by the default level of quantity found in the sentencing guidelines is faulty. After Booker, the district court may still determine the amount of drugs attributable to the defendant, which may be above the amount authorized by the jury verdict. However, the guideline range based on that drug quantity is advisory.

- 7 -