**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4642

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY ANTHONY HEARNE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:03-cr-00217-WLO)

Submitted: July 31, 2008          Decided: August 25, 2008

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. David James, SMITH JAMES ROWLETT & COHEN, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Anthony Hearne appeals the 172-month sentence he received after his case was remanded for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

Hearne first maintains that the rule of this circuit which affords a rebuttable presumption of reasonableness to a sentence within a correctly calculated guideline range effectively reinstates the mandatory guideline scheme and is thus contrary to Booker and unreasonable. This is an untenable position after Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007), which upheld our presumption of reasonableness for a within-guidelines sentence.

Hearne's two counts of conviction were grouped together for sentencing purposes under U.S. Sentencing Guidelines Manual § 3D1.1(c) (2005). Hearne did not previously challenge the grouping of the two counts, but now claims that Count Three was the most serious offense because it had a higher statutory maximum than Count One, and thus should have been used as the offense level for the group. He relies on United States v. Brinton, 139 F.3d 718, 722 (9th Cir. 1998), overruled on other grounds by United States v. Nordby, 225 F.3d 1053 (9th Cir. 2000), overruled on other grounds by United States v. Buckland, 289 F.3d 558 (9th Cir. 2002). However, to the extent that Brinton constitutes a ruling on the issue, and not mere dicta, its reasoning has been rejected by three circuits. See United States v. Eversole, 487 F.3d 1024, 1032-34

(6th Cir.), cert. denied, 128 S. Ct. 649 (2007); United States v. Evans, 318 F.3d 1011, 1020 (10th Cir. 2003); United States v. Kroeger, 229 F.3d 700, 703 (8th Cir. 2000). Moreover, because Hearne failed to raise this issue in his prior appeal, he has forfeited review of the issue under the mandate rule. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

Hearne filed a pro se motion for a downward departure before he was sentenced. Although the district court assured Hearne before imposing sentence that it had read everything he filed, Hearne maintains that the court did not consider the reasons for a downward departure he set out in his motion, as evidenced by the court's failure to discuss most of the arguments he made in favor of a departure. This court lacks the authority to review the district court's decision to deny Hearne the departure he requested. United States v. Brewer, 520 F.3d 367, 371-72 (4th Cir. 2008). However, a failure to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors would constitute a procedural error. Gall v. United States, 128 S. Ct. 586, 597 (2007). Nevertheless, "where judge and Commission both determine that" a guideline sentence is appropriate, "that sentence likely reflects the § 3553(a) factors." Rita, 127 S. Ct. at 2467.

Here, the district court decided that a sentence within the guideline range of 140-175 months was not excessive in light of the § 3553(a) factors and Hearne's "record of continuous assaults,

[and] the likelihood of continued criminal activity . . . ."  The court also stated that § 3553 required a sentence "at least equal to that which is set forth in the Sentencing Guidelines," because of the likelihood that Hearne would commit future crimes, the necessity of protecting the public, and the principle of deterrence.  We are satisfied that no error occurred.

In his first appeal, Hearne contested the district court's factual finding that, in addition to the Ruger revolver charged in the indictment, he had possessed two additional firearms.  This court upheld the district court's determination that government witness David Horne was credible when he testified at sentencing that Hearne threatened him with two guns with an ammunition clip, which he described first as a Mac 9 and a Mac 10, and later as "Uzi-like."  At the resentencing, after Hearne's testimony, the district court again found that the base offense level was appropriately enhanced.

Hearne argues that the district court's finding was erroneous because it was based on unreliable information. See USSG § 6A1.3(a), p.s.  However, the district court's credibility findings are not reviewable on appeal.  See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987).  We conclude that the district court did not clearly err in reaching the same conclusion it did at the first sentencing.

Last, Hearne argues that the district court erred in denying his motion to withdraw his guilty plea. Hearne did not contest the validity of his guilty plea in his first appeal, and only moved to withdraw his guilty plea after his case was remanded. Hearne's challenge to the validity of his guilty plea is not properly before this court. We previously upheld his conviction, and his case was remanded for resentencing under <u>Booker</u> only. His attempt to relitigate the validity of his guilty plea is beyond the scope of the remand order. <u>See</u> <u>Bell</u>, 5 F.3d at 66-67. Therefore, we decline to consider his claim that the district court abused its discretion in denying the motion.

We affirm the sentence imposed by the district court. We deny Hearne's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>