**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-5132**

—————————

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

  v.

JAMES HAMPTON WILLIAMS, II,

       Defendant – Appellant,


DONNA C. ADKINS; ALISIA H. AKBAR; CHERYL L. AMAKER; LACARIA
BROWN; LUTHER BRYAN; CHASE MANHATTAN MORTGAGE CORPORATION;
LAVACA COUNTY TEXAS; RANDY MARTIN; GEORGEAN MCCONNELL;
JOSEPH E. MCCONNELL; CHRISTOPHER M. MORRIS; FLORENCE
NOLLKAMPER; GUSSIE D. NOLLKAMPER; JOHN M. WARTHER; WELLS
FARGO HOME MORTGAGE, INCORPORATED,

       Parties-in-Interest.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:02-cr-00548-CMC-3)

—————————

Submitted:  March 23, 2009        Decided:  April 24, 2009

—————————

Before WILLIAMS, Chief Judge, and NIEMEYER and MICHAEL, Circuit
Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Leland B. Greeley, LELAND B. GREELEY, P.A., Rock Hill, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Jimmie Ewing, Jane B. Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Hampton Williams, II, was convicted by a jury on several counts related to his participation in a large-scale, ten-year long conspiracy to distribute cocaine and cocaine base, and was sentenced to life in prison. Specifically, Williams was convicted of one count of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006); one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956 (2006); one count of cocaine distribution, in violation of 21 U.S.C. § 841(a)(1) (2006); and one count of possession with intent to distribute 500 grams of more of cocaine, in violation of 21 U.S.C. § 841(a)(1).

Williams appealed, challenging his conviction and sentence. We affirmed Williams' conviction but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Williams, 227 F. App'x 307 (4th Cir. May 16, 2007) (No. 04-4654) (unpublished).

On remand, the district court imposed a 360-month variance sentence and Williams timely appealed. Williams claims that the district court erred when it calculated his Guidelines range without a jury finding the facts supporting the Guidelines

3

range beyond a reasonable doubt. Williams also asserts that the district court erred by failing to instruct the jury that it must find that the drug quantities contained in the conspiracy were reasonably foreseeable to Williams, as required by United States v. Collins, 415 F.3d 304, 311-15 (4th Cir. 2005) (holding that in order for a trial court to determine which of the three graduated penalty subsections of 21 U.S.C. § 841(b) applies to defendants convicted of a § 846 drug conspiracy, the jury must be instructed to determine the threshold quantity of drugs attributable to each conspiracy defendant on trial). Finding no reversible error, we affirm.

We conclude that Williams' Sixth Amendment rights were not violated because the district court enhanced Williams' Guidelines range based on facts found by it under a preponderance of the evidence standard. Because the district court appropriately treated the resultant Guidelines range as merely advisory, and since Williams' sentences on each count were within the statutory maximums authorized by the jury's verdict, we find that the district court fully complied with the Sixth Amendment. See Booker, 543 U.S. at 232-44 (holding that judge found sentence enhancements mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right

4

to trial by jury); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2465-66 (2007) (recognizing that its "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); <u>United States v. Benkahla</u>, 530 F.3d 300, 312 (4th Cir. 2008) (recognizing only that "the Guidelines must be advisory, not that judges may find no facts"), <u>cert.</u> <u>denied</u>, 129 S. Ct. 950 (2009).

It is undisputed that Williams did not raise a <u>Collins</u>-type objection (<u>i.e.</u>, challenge the conspiracy's drug weights attributed to him) at trial or on his first appeal. Because such an objection could have been raised but was not, the Government asserts that Williams' <u>Collins</u> objection is precluded by the mandate rule. <u>See</u> <u>Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.</u>, 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

We need not decide whether the Government is correct that Williams' <u>Collins</u> argument is foreclosed by the mandate rule. It is abundantly clear that even if Williams' <u>Collins</u>

argument is entertained, his failure to object to the drug weights for which he was held responsible renders any Collins error harmless. See United States v. Brown, 202 F.3d 691, 700-01 (4th Cir. 2000) ("[I]f the element was uncontested and supported by overwhelming evidence, the harmless error inquiry ends, and we must find the error harmless.").

Moreover, we find that even if we were to vacate Williams' sentence on his conspiracy charge, Williams would still be subject to a 360-month sentence for his cocaine distribution conviction. Thus, even if the Collins claim was properly before this court and found to be meritorious, it would still afford Williams no relief as the district court's sentence on remand would have been the same. See United States v. Abu Ali, 528 F.3d 210, 231 (4th Cir. 2008) (recognizing that an error "will be deemed harmless if a reviewing court is able to say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error") (internal citations and quotation marks omitted).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED