**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4790**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ARMAND A. HAMMOND,

Defendant – Appellant,

DONNA C. ADKINS; ALISIA H. AKBAR; CHERYL L. AMAKER; LACARIA
BROWN; LUTHER BRYAN; CHASE MANHATTAN MORTGAGE CORPORATION;
LAVACA COUNTY TEXAS; RANDY MARTIN; GEORGEAN MCCONNELL;
JOSEPH E. MCCONNELL; CHRISTOPHER M. MORRIS; FLORENCE
NOLLKAMPER; GUSSIE D. NOLLKAMPER; JOHN M. WARTHER; WELLS
FARGO HOME MORTGAGE, INCORPORATED,

Parties-in-Interest.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:02-cr-00548-CMC-22)

Submitted:  April 27, 2009               Decided:  May 15, 2009

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and John
Preston BAILEY, Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, Decatur, Georgia, for Appellant. W. Walter Wilkins, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armand A. Hammond was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to 360 months in prison. Hammond appealed, challenging his conviction and sentence. We affirmed Hammond's conviction and rejected claims relating to his sentence, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished).

On remand, the district court imposed a 300-month variant sentence and Hammond timely appealed. Hammond asserts that the district court erred when it determined that the mandate rule barred it from reconsidering whether he incorrectly received a 21 U.S.C. § 851 (2006) enhancement and that the district court procedurally erred in imposing his variant sentence. Finding no error, we affirm the district court's judgment.

We reject Hammond's challenges to his § 851 enhancement because these challenges could have been litigated on Hammond's first appeal but were not. Accordingly, the district court correctly refused to revisit the issue during

3

Hammond's remand proceeding. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal."); see also Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories.").

"[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted). The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions). Hammond's challenges do not fall within any of the above-mentioned exceptions.

Although Hammond suggests that the district court should have conducted a de novo hearing on remand, this

4

assertion is meritless.  In affirming Hammond's convictions, we explicitly rejected Hammond's and his co-conspirators' numerous objections to their sentences.  We nonetheless vacated most of the appellants' sentences, noting that we were doing so solely because the sentences were imposed under a pre-Booker mandatory Guidelines regime.  See Davis, 270 F. App'x at 248-49. Accordingly, this court's mandate remanding Hammond's case for resentencing limited the district court to considering the Guidelines range we upheld, along with the § 3553(a) factors, Amendment 706, and the crack-to-powder cocaine sentencing disparity, if applicable, to fashion an appropriate sentence. See id. at 248-49, 256 n.16.

We also affirm the district court's 300-month variant sentence.  After Booker, a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007).  The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Assuming the district court committed no significant procedural error, this court must next consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances.  Id. at 161-62.

While the court on appeal may presume that a sentence within the Guidelines range is reasonable, it may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597; see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."), cert. denied, 129 S. Ct. 1312 (2009). Rather, in reviewing a sentence outside the Guidelines range, the court "consider[s] the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

On remand, the district court considered Hammond's Guidelines range, heard counsel's argument regarding the weight that should be afforded the § 3553(a) factors, allowed Hammond an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing Hammond's sentence. We find that the district court adequately explained its rationale for imposing the variant sentence and that the reasons relied upon by the district court are valid considerations under § 3553(a)

6

and justify the sentence imposed. <u>United States v. Pauley</u>, 511 F.3d 468, 473-76 (4th Cir. 2007).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>