**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4392**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

KAD CARSON ELSWICK,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, Chief District Judge.  (1:04-cr-00091-jpj-pms-1)

─────────────

Submitted:  January 11, 2010      Decided:  February 5, 2010

─────────────

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kad Carson Elswick was convicted by a jury of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006) ("Count One"), being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006) ("Count Two"), using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) ("Count Three"), and failing to appear before a court, in violation of 18 U.S.C. § 3146(a)(1) (2006) ("Count Four"). The district court designated Elswick an armed career criminal — a finding that was not disputed at his first sentencing or in his first appeal — and sentenced him to 248 months' imprisonment, which consisted of 180 months on Counts One and Two (concurrent), sixty months on Count Three (consecutive), and eight months on Count Four (consecutive).

Elswick appealed, and in an unpublished opinion following oral argument, we affirmed Elswick's convictions and sentences relevant to Counts One and Two, but reversed both the conviction and sentence as to Count Three.[1] United States v.

---

[1] Because Elswick did not appeal Count Four, we did not review the conviction underlying that count or the resulting judgment. Accordingly, the conviction on Count Four and the
(Continued)

Elswick, 306 F. App'x 8, 11-14 (4th Cir. 2008) (No. 06-4693). Our opinion reflected the following remand order: "[W]e affirm Elswick's conviction and sentence as to Counts One and Two, and we reverse and remand with respect to Count Three for resentencing in accordance with this opinion." Id. at 14.

At resentencing, Elswick challenged his armed career criminal status. Citing Shepard v. United States, 544 U.S. 13 (2005), and United States v. Washington, 404 F.3d 834 (4th Cir. 2005), Elswick asserted that relying on outside documentation to make factual determinations regarding whether his prior burglary and escape convictions qualified toward the enhancement violated his Sixth Amendment rights. Counsel conceded his position was not predicated on an intervening change in the law.

The district court found our mandate permitted resentencing only as to Count Three — the only count of conviction that was reversed. The district court further found none of the exceptions to the mandate rule applied, because the basis for Elswick's argument was "apparent . . . from the time of the original sentencing through the Court of Appeals' decision" and there had been no change in the relevant law. Thus, the district court overruled Elswick's objections and

corresponding eight-month consecutive sentence remained intact after issuance of our first opinion.

3

sentenced him to 188 months' imprisonment, consisting of 180 months on Counts One and Two (concurrent) and eight months consecutive on Count Four.

Elswick subsequently filed a "motion to stay entry of judgment, for vacation of any judgment already entered, and for reconsideration." Elswick argued that, under United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993), the district court could consider his argument, because doing so would remedy the "blatant error" of designating him an armed career criminal and its resulting "serious injustice." The district court denied the motion. Elswick timely noted this appeal.

On appeal, Elswick continues to advance his position that this court's mandate did not preclude the district court from resentencing him de novo. In the alternative, Elswick argues that two of the three Bell exceptions to the mandate rule apply: first, that Begay v. United States, 553 U.S. 137 (2008), and United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009), dramatically changed the law regarding whether a prior conviction counts toward the armed career criminal designation; and second, that designating him an armed career criminal was a "blatant error" that resulted in "serious injustice."

We review de novo the district court's interpretation of our mandate. Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007). The mandate rule

4

"forecloses relitigation of issues expressly or impliedly decided by the appellate court," and "litigation of issues decided by the district court but foregone on appeal." Bell, 5 F.3d at 66.

The district court correctly concluded that our mandate foreclosed consideration of Elswick's contention that he was improperly designated an armed career criminal. Our opinion affirmed Elswick's conviction and sentence relevant to Count Two; thus, the propriety of the armed career criminal designation was impliedly decided. Id. Moreover, as the district court repeatedly noted, because Elswick did not appeal the armed career criminal designation in his first appeal, consideration of it on remand was prohibited. See Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded.") (internal quotation marks omitted).

We further conclude none of the recognized exceptions to the mandate rule apply here. "Deviation from the mandate rule is permitted . . . (1) when controlling legal authority has changed dramatically; (2) when significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; and (3) when a blatant error in the prior decision will, if uncorrected, result in a serious injustice." Id. at 467 (internal quotations marks omitted).

Elswick first contends the law relevant to determining whether a prior conviction counts toward the armed career criminal designation has dramatically changed since his 2006 sentencing. However, Elswick did not assert this particular contention in the district court, where he instead relied exclusively on the third exception to the mandate rule. Thus, Elswick has waived this particular claim by failing to raise it in the district court. United States v. Evans, 404 F.3d 227, 236 n.5 (4th Cir. 2005). We decline to consider the issue despite this waiver because we find no "exceptional circumstances" exist. Williams v. Prof'l Transp. Inc., 294 F.3d 607, 614 (4th Cir. 2002); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

Lastly, we reject as meritless Elswick's assertion that, in designating Elswick an armed career criminal, the district court committed a "blatant error" that yielded a "serious injustice." There can be no "serious injustice" when Elswick did not challenge this ruling in his first appeal.[2] Doe, 511 F.3d at 468.

---

[2] Begay was issued on April 16, 2008; this court heard oral argument in Elswick's first appeal on October 31, 2008. Thus, Elswick could have raised this issue in a letter to the court pursuant to Fed. R. App. P. 28(j).

For the foregoing reasons, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED