**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4624**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEROME KELLY FOSTER, a/k/a Jezzy,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry F. Floyd, District Judge. (7:07-cr-00711-HFF-25)

Submitted: June 23, 1010          Decided: July 6, 2010

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Godwin Oyewole, Washington, D.C., for Appellant. W. Walter, Wilkins, III, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Kelly Foster pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). He previously appealed his 170-month sentence and we remanded his case for resentencing in light of United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009). On remand, the district court reduced Foster's sentence to eighty-three months' imprisonment. Foster again appealed his sentence. Finding no reversible error, we affirm.

Foster's sole challenge in his opening brief on appeal is to his original 170-month sentence, arguing that the district court committed reversible error in failing to discuss the 18 U.S.C. § 3553(a) (2006) factors in handing down that sentence. The Government contends that Foster is precluded from raising this issue based on the mandate rule set out in United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). In his reply brief, Foster argues that an exception to the mandate rule applies and that the district court also failed to address the § 3553(a) factors on remand.

"The mandate rule is a specific application of the law of the case doctrine." Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007). When we

2

remand for resentencing, the mandate rule precludes the district court from considering issues that were expressly or impliedly decided by this court on appeal. Bell, 5 F.3d at 66. "In addition, the [mandate] rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." Id. There are, however, exceptions to the mandate rule: "(1) a showing that controlling legal authority has changed dramatically; (2) that significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or (3) that a blatant error in the prior decision will, if uncorrected, result in a serious injustice." Id. at 67 (internal quotation marks and alterations omitted).

We find that the mandate rule forecloses Foster's argument that the district court failed to consider the § 3553(a) factors during the original sentencing proceeding. Foster had the opportunity to raise this argument during the original sentencing and in his initial appeal, but failed to do so. See Volvo Trademark, 510 F.3d at 481 (noting that the plaintiff failed to raise its claim in earlier proceedings and that "a remand proceeding is not the occasion for raising new arguments or legal theories"). Further, we find that no exception to the mandate rule is applicable to Foster's case,

considering that Foster received a downward departure from the bottom end of the applicable Guidelines range.

Additionally, Foster argues for the first time in his reply brief that the district court failed to discuss the § 3553(a) factors in imposing the eighty-three month sentence on remand. However, "[i]t is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." A Helping Hand, LLC v. Baltimore County, Md., 515 F.3d 356, 369 (4th Cir. 2008) (internal quotation marks omitted); see also SEC v. Pirate Investor LLC, 580 F.3d 233, 255 n.23 (4th Cir. 2009) (stating that "[o]rdinarily we do not consider arguments raised for the first time in a reply brief"). Therefore, we decline to consider the argument raised in Foster's reply brief.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED