**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-8144**

───────────

UNITED STATES OF AMERICA,

              Petitioner - Appellee,

     v.

WALTER WOODEN,

              Respondent - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:10-hc-02151-BO)

───────────

Submitted:  July 19, 2013            Decided:  November 18, 2013

───────────

Before TRAXLER, Chief Judge, and MOTZ and KEENAN, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Michael G. James, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Wooden appeals the district court's order committing him as a "sexually dangerous person" pursuant to 18 U.S.C. § 4248(a) (2006). We vacate and remand for further proceedings.

In July 2010, the Government initiated civil commitment proceedings against Wooden by certifying him as a "sexually dangerous person." After a bench trial, the district court determined that Wooden was not a "sexually dangerous person," dismissed the case, and ordered Wooden released. On appeal, we reversed the district court's judgment and remanded for reconsideration. United States v. Wooden, 693 F.3d 440, 462-63 (4th Cir. 2012). We reversed as clearly erroneous the district court's determinations that Wooden did not suffer from pedophilia and that Wooden would not have serious difficulty refraining from re-offending if released. Id. at 456, 462. We remanded with instructions that,

> [o]n remand, the district court shall reconsider, on the basis of the existing record and in light of the questions about the district court's original analysis and the concerns about the existing evidence raised in this opinion, whether Wooden is a sexually dangerous person within the meaning of the Act.

Id. at 463.

In December 2012, the district court entered an order civilly committing Wooden as a "sexually dangerous person." The

2

district court stated that "the law of the case in this matter prescribes that on those issues previously found in favor of Mr. Wooden and against the [G]overnment, the [G]overnment now prevails." (J.A. 353). Further, the district court held,

> [t]herefore, having carefully considered and now following the court of appeals' thorough examination of the evidence and its conclusions based thereon, the Court holds that Mr. Wooden does currently suffer from a serious mental disorder, namely pedophilia, and finds that he will have serious difficulty refraining from sexually violent conduct or child molestation if released. Accordingly, . . . Wooden[] is hereby committed . . . .

(J.A. 354). Wooden appeals, asserting that the district court misinterpreted our mandate as compelling it to commit Wooden without reevaluating the evidence.

"We review de novo the district court's interpretation of [our] mandate." United States v. Pileggi, 703 F.3d 675, 679 (4th Cir. 2013) (internal quotation marks omitted). "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." L.J. v. Wilbon, 633 F.3d 297, 308 (4th Cir. 2011) (internal quotation marks omitted). The mandate rule, "a specific application of the law of the case doctrine, . . . compels compliance on remand with the dictates of a superior court." Pileggi, 703 F.3d at 679. Accordingly, "'[w]hen this court remands for further proceedings, a district court must . . . implement both the

3

letter and spirit of the . . . mandate, taking into account [our] opinion and the circumstances it embraces.'" Id. (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)).

In reversing the district court's original judgment, we found the district court's determination that Wooden was not a pedophile to be clearly erroneous, Wooden, 693 F.3d at 456. As to the serious-difficulty prong, we likewise found the district court's factual determination to be clearly erroneous, id. at 462. These conclusions, however, reflected our view of the evidence that was presented at trial and the district court's distillation of that evidence and its explanation of how it arrived at its factual findings, and we repeatedly emphasized the district court's failure to properly account for conflicting and contrary evidence. See, e.g., id. at 453 ("The district court . . . did not account for this evidence when considering whether Wooden was a pedophile."); id. at 457-58 (observing that district court made factual finding about Wooden's volitional impairment "without explaining how it had resolved its earlier questions or even acknowledging the existence of those earlier questions"); id. at 459 ("The district court also failed to consider Wooden's own testimony when determining whether Wooden would have serious difficulty refraining from re-offense."); id. at 460 ("Because the district court did not consider this critical evidence or the other evidence showing the intensity

4

and persistence of Wooden's child-focused sexual fantasies, thoughts, and urges, the court's account of the evidence is not 'plausible in light of the record viewed in its entirety.'" (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985))).

Although we expressed doubt about whether the record could support the result reached by the district court, see Wooden, 693 F.3d at 462 ("[I]t appears to us that the weight of the evidence in the record indicates that Wooden's pedophilia would cause him to have serious difficulty refraining from re-offense if released." (emphasis added)), we nonetheless remanded for reconsideration "in light of the questions about the district court's original analysis and the concerns about the existing evidence raised in this opinion," id. at 463. Because the opinion remanded for reconsideration rather than directed the entry of judgment for the government, our mandate contemplated the possibility that a proper distillation of all the evidence, including a full accounting of all contradictory and conflicting evidence, could perhaps support the district court's original findings.

Therefore, contrary to the district court's conclusion, our mandate thus did not require the district court on remand to find Wooden to be sexually dangerous. Because the district court misapprehended the scope of his authority, we hereby vacate the district court's order and remand for the

5

district court to reconsider the question of Wooden's sexual dangerousness in accordance with the guidance given in this opinion and our original opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>