**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6194**

———————

KEYON RIDDICK,

 Plaintiff – Appellant,

 v.

HERLOCK, Mr. Director of Security; JO HONG, Correctional
Officer; FAUX, Mr. Correctional Officer,

 Defendants – Appellees,

 and

CHAN, Correctional Officer; JUSTICE, Correctional Officer;
WITTAKER, Correctional Officer/Sergeant; RAY, Correctional
Officer; MAILS, Correctional Officer/Sergeant,

 Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge. (1:12-cv-01240-TSE-TRJ)

———————

Submitted:  November 14, 2013      Decided:  December 4, 2013

———————

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Keyon Riddick, Appellant Pro Se.  Alexander Francuzenko, Lee Brinson Warren, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keyon Riddick appeals the district court's August 23, 2013 order dismissing his 42 U.S.C. § 1983 (2006) complaint without prejudice for failure to comply with an order directing that he file an affidavit as to his exhaustion of administrative remedies. The district court dismissed the action on January 25, 2013, for failure to submit an affidavit of exhaustion. On July 3, 2013, we remanded this case to the district court for the limited purpose of determining whether Riddick had placed his exhaustion affidavit in the prison mailing system.

In response to our remand, the district court ordered Riddick to fill out a new exhaustion affidavit rather than determining whether his original affidavit was timely filed. When the district court's order was returned because Riddick had been relocated to another prison, the district court dismissed the case without prejudice on the ground that Riddick had failed to keep the court apprised of his current address.[*] In so doing, the district court acted beyond the scope of our limited remand. "[W]hen this court remands for further proceedings, a district court must, except in rare circumstances, implement both the letter and spirit of the mandate, taking into account our

---

[*] We note that Riddick has now updated the district court with his current address, but has not moved to reopen the case.

3

opinion and the circumstances it embraces." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)) (internal quotations and alterations omitted). Because the district court exceeded the scope of our remand, we return the case to the district court for the limited purpose of permitting the district court to make a factual determination as to whether Riddick timely placed his exhaustion affidavit in the prison mailing system. The record, as supplemented by the district court's findings, will then be returned to this court for further review.

Accordingly, we vacate the district court's August 23, 2013 order dismissing Riddick's case, reinstate the district court's January 25, 2013 order pending further review, and remand for the limited purpose outlined above.

VACATED AND REMANDED

4